## SUPREME COURT.

ORVILLE TOWSEY, respondent agt. JAMES HARRISON and others, appellants.

A *county judge* has power to appoint a *guardian ad litem* for an *infant* defendant in an action *for partition* brought in the *supreme court.* (*This seems to be directly adverse to Lyle* agt. *Smith,* 13 *How. Pr. R.,* 104, *and Varian* agt. *Stevens,* 2 *Duer,* 635.)

*Monroe General Term, Rochester, March* 4, 1862.

*Present,* JOHNSON, CAMPBELL and E. DARWIN SMITH, *J. J.*

THIS was an appeal from an order made at special term, in Yates county, on the 26th November, 1861, in an action for partition, denying a motion made by the adult defendants in the action, to set aside the plaintiff's proceedings in the action subsequent to the service of the summons, on the ground that the order appointing the guardian *ad litem* of the infant defendants in the action was made by a county judge.

The action was brought to obtain a partition, or a sale in case partition could not be made, of certain real estate in Livingston county.

Two of the defendants in the action were infants, each owning an undivided share of the lands sought to be partitioned.

The infant defendants were duly served with summons in the action, and having neglected to apply for the appointment of a guardian to appear and defend for them, a guardian *ad litem* was appointed by the county judge of

Livingston county, on plaintiff's application, after due notice.

The only question presented on this appeal was, whether in an action for partition of lands under the Code of Procedure, a county judge has power to appoint a guardian *ad litem* of an infant defendant in the action.

The COURT unanimously *held* that a county judge has such power, and affirmed the order of the special term with $10 costs.

> R. L. DORR, *for appellants.*
>
> D. W. NOYES, *for respondent.*